No. 28,925.

THE FARMERS MUTUAL INSURANCE COMPANY, *Appellee*, v. C. E. MILLARD, as an Individual and as Administrator of the Estate of Frank Millard, *Appellant*; ROSA A. MYERS, *Defendant*.

(282 Pac. 582.)

Opinion filed December 7, 1929.

*William Osmond, Elrick C. Cole* and *T. B. Kelley,* all of Great Bend, for the appellant.

*R. C. Russell,* of Great Bend, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one by an insurance company to recover the proceeds of a fire insurance policy which the company was induced to pay after loss by misrepresentations regarding ownership of the burned building. C. E. Millard defaulted, judgment was rendered against him, and he appeals for the correction of error disclosed by the record.

The subject of insurance was a building on described land forming a part of the Frank Millard estate. The policy described the insured as "Frank Millard estate; C. E. Millard, administrator." The policy contained the following provision: "When a member dies, or sells his insured property, the mutual obligations are annulled." The heirs voluntarily partitioned by exchange of deeds, and Rosa Myers, one of the heirs, became sole owner of the tract on which the building stood. Afterwards the building was destroyed by fire. C. E. Millard reported the loss, and said he was sole owner and entitled to collect the amount of insurance. The adjuster's report to the company showed the following:

"On this 2d day of November, 1926, fire destroyed the property of our member, Frank Millard estate; C. E. Millard, administrator, . . . a dwelling house by fire . . . to be paid $2,000.        H. W. LAUDICK, Adjuster.

"I accept the above adjustment as fair.—C. E. MILLARD, Admr., owner."

The company paid C. E. Millard, who was still acting as administrator of the Frank Millard estate, the adjusted amount of loss. The money was used to replace the building which burned. When the company learned the land had been partitioned before the fire occurred it sued Rosa Myers, C. E. Millard and C. E. Millard as administrator of Frank Millard estate, to recover the money. C. E. Millard did not appear, the action was dismissed as to Rosa Myers, and judgment was rendered by default against C. E. Millard in his personal and representative capacities.

The petition recited the facts. It was alleged that C. E. Millard's statements were false because the subject of insurance was not the property of the Frank Millard estate at the time of the fire, but was the property of Rosa Myers; that in making payment the company relied on the statements, when in truth and fact the policy had become canceled by its own terms; that if the company had known of the transfer of title the payment would not have been made, because the company rested under no liability to pay. The journal entry of judgment contained the following:

"That at the time of the making of proof of loss under said policy and at the time of the payment of said loss, as aforesaid, the said estate of Frank Millard, deceased, was not the owner of the property, and that said policy lapsed by virtue of its terms and by reason of the transfer of the said property to Rosa A. Myers, . . ."

While the petition pleads fraud and the judgment rests on fraud the petition and judgment disclose the precise nature of the fraud. In making payment of loss the company relied on the fact that there had been no change of ownership before the fire occurred which, because of the provision in the policy, would cancel the policy and extinguish liability of the company. The company's contention was that the policy had been annulled by virtue of its terms because of the transfer to Rosa Myers. If that contention were unsound, the company was not deceived to its detriment, and the payment merely discharged its liability under the policy.

As indicated, the subject of insurance was a building on land belonging to "Frank Millard estate." Frank Millard estate had no capacity to contract. C. E. Millard, administrator, had no title to the building or to the land on which it stood. He merely had statu-

tory power to sell the land if necessary to pay debts of the estate, and the owners who were insured were Frank Millard's heirs, Rosa Myers, C. E. Millard, and others.

The provision in the policy for annulment of the obligation was limited to sale of the insured property, and there was no sale. There was no vendor and no purchaser. The insured owners merely set off to each other in severalty portions of what they owned in common, and the prohibition against sale did not apply. If the terms of the policy had been broader, "any change of interest," or if one of the heirs had divested himself of interest by sale to one of the others or to a stranger, or if there had been a partition sale under order of court transferring the whole interest to some purchaser, the obligation of the company might have been terminated; but in this instance the condition to annulment of obligation was sale of the insured property, and no heir sold anything to any other heir.

The judgment of the district court is reversed, and the cause is remanded with direction to enter judgment for defendant, C. E. Millard, as an individual and as administrator of the estate of Frank Millard.